IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOISES MARTINEZ-MARTINEZ (01),

Defendant.

Case No. 18-20090-01-DDC

MEMORANDUM AND ORDER

Defendant Moises Martinez-Martinez has filed a pro se[1] Motion for Compassionate
Release (Doc. 48).  Mr. Martinez-Martinez asserts that the COVID-19 pandemic presents an
extraordinary and compelling reason for his compassionate release.  But Mr. Martinez-Martinez
failed to exhaust his administrative remedies, as required by statute.  And, even if he had
exhausted his administrative remedies, he fails to present an extraordinary and compelling reason
for compassionate release.  The court thus dismisses Mr. Martinez-Martinez's motion.  The court
explains this decision, below.

I.      Background

On September 19, 2019, Mr. Martinez-Martinez entered a guilty plea to an Indictment
(Doc. 8) charging one count of knowingly and intentionally distributing more than 50 grams of a
mixture and substance containing methamphetamine, violating 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(A)(viii).  Doc. 36 at 1; Doc. 37.  On January 30, 2020, the court sentenced him to 70
months' imprisonment.  Doc. 44.  His projected release date is December 15, 2023.  *See* Moises

---

[1]      People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]"
*Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th
Cir. 1991).

Martinez-Martinez (Reg. No. 29424-031) (last visited June 1, 2022),

https://www.bop.gov/inmateloc/.

Mr. Martinez-Martinez filed this Motion for Compassionate Release on April 25, 2022.

Doc. 48.  And the government responded on May 26, 2022.  Doc. 52.  Mr. Martinez-Martinez

did not file a reply, and the time to do so has expired.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such

exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821,

830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits the

court to modify a term of imprisonment "upon motion of the defendant after the defendant has

fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by

the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see*

*also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).

Recently, our Circuit held that this exhaustion requirement is a claim-processing rule that the

government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th

Cir. 2021).  The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—

"extraordinary and compelling" reasons—as jurisdictional.  *See id.* at 942 n.7 (declining "to read

a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons'

_____

[2]     Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

Aside from this exhaustion requirement, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable."  *Id.*  Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order."  *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one.  *Maumau*, 993 F.3d at 837.  So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply."  *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III.   Analysis

*First*, the court considers whether Mr. Martinez-Martinez has exhausted his administrative remedies.  The government argues he has failed to exhaust.

If the government invokes the exhaustion requirement, the district court "must enforce" it.  *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (citations omitted); *accord United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) ("In this circuit, . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than

judicially waivable."). *See also Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced[.]"); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (applying *Hamer* to § 3582(c)(1)(A)'s exhaustion requirement). Here, Mr. Martinez-Martinez asserts that he sent a compassionate release request, but he fails to provide the date when he submitted the request to the warden—his motion just says "4/ /22". Doc. 48 at 5. Indeed, Mr. Martinez-Martinez has failed to provide any evidence that he submitted a compassionate release request to the warden. But, even liberally construing his filing and assuming he submitted a request to the warden on April 1, 2022, he failed to wait the requisite 30 days for a response. He signed his motion on April 7, 2022, Doc. 48 at 8, and the court received his motion by mail on on April 25, 2022, *id.* at 9. The Clerk of the Court docketed the motion the same day it received it by mail. Thus, Mr. Martinez-Martinez didn't wait 30 days for the warden to respond to his request before filing his motion. As a consequence, he has failed to exhaust his administrative remedies and the court must dismiss his motion without prejudice.

  *Second*, even if Mr. Martinez-Martinez had properly exhausted, his motion nonetheless fails to present extraordinary and compelling reasons to justify compassionate release. Mr. Martinez-Martinez's motion argues that COVID-19 is an extraordinary and compelling reason. Doc. 48-1 at 1. He asserts that he caught COVID-19 while incarcerated and never received medical visits. *Id.* And he expresses concern about new COVID-19 variants and the prison's ability to manage the virus. *Id.* He argues that the best way to stop a prison outbreak of COVID-19 "is to release as many prisoners from custody as possible[.]" *Id.* at 3. And he seeks to "be deported and released as a free man" to his family during the COVID-19 crisis. *Id.* at 2. Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during

the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not

present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United*

*States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United*

*States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th

801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine

makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling'

reason for immediate release").  And it appears that several district courts in our Circuit—

including this one—have adhered to this recent direction from the Circuit.  Following *McRae*,

those courts have concluded that, where a defendant has had access to the COVID-19 vaccine,

incarceration during the pandemic doesn't serve, on its own, as an extraordinary and compelling

reason for a sentence reduction.  *See United States v. Smith*, No. 2:13-cr-00776, 2022 WL

1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*, No. 17-20038-18-DDC,

2022 WL 1223642, at *2 (D. Kan. Apr. 26, 2022); *United States v. Logan*, No. 07-20090-01-

KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR-

00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No.

1:15-CR-27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).  Here, Mr. Martinez-

Martinez's medical records show that he received the COVID-19 vaccine.  Doc. 52 at 12.  He

thus fails to present an extraordinary and compelling reason for compassionate release based on

COVID-19.

     *Last*, the court addresses Mr. Martinez-Martinez's request that the court appoint him

counsel.  Doc. 48-1 at 3.  "There is no constitutional right to counsel beyond the direct appeal of

a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  But our

court has arranged for appointment of counsel for certain indigent defendants who have filed

motions for compassionate release under § 3582(c)(1)(A).  Specifically:

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed
> to represent indigent defendants who may qualify to seek compassionate release
> under section 603(b) of the First Step Act.  That Order was supplemented by
> Administrative Order 20-8, which established procedures to address motions
> brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD
> shall notify the court within fifteen days of any *pro se* individual filing a
> compassionate release motion whether it intends to enter an appearance on behalf
> of the defendant, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4,

2020).

The FPD neither has entered an appearance for Mr. Martinez-Martinez nor supplemented

his pro se motion.  And Mr. Martinez-Martinez's filings demonstrate that he effectively can

present his claims pro se.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (reciting

"the litigant's ability to present his claims" as a factor to consider when deciding whether to

appoint counsel).  Thus, in its discretion, the court declines to appoint Mr. Martinez-Martinez

counsel.

## IV.     Conclusion

Mr. Martinez-Martinez has failed to exhaust his administrative remedies as required by

statute.  The court thus dismisses his Motion for Compassionate Release (Doc. 48) without

prejudice.  But, even if Mr. Martinez-Martinez properly had exhausted his claim, his motion fails

to present an extraordinary and compelling reason for compassionate release.  Last, the court

denies Mr. Martinez-Martinez's request for appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Martinez-Martinez's

Motion for Compassionate Release (Doc. 48) is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge